UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT PALONCY,

      Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 3:18-cv-298

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS FOR THE CLOSED PERIOD OF AUGUST 26, 2011 THROUGH JUNE 29, 2017; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" during the closed period beginning August 26, 2011 and ending June 29, 2017 and therefore unentitled to Supplemental Security Income ("SSI") during that time. This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 7),[1] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for SSI on August 26, 2011 alleging disability as a result of a number of alleged impairments including, *inter alia*, history of seizures, history of Crohn's disease, degenerative disc disease of the lumbosacral spine, depression, and anxiety. PageID 2650.

After an initial denial of his application, Plaintiff received a hearing before ALJ Christopher L. Dillon on June 20, 2013. PageID 68-97. ALJ Dillon issued a written decision on August 12, 2013

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

finding Plaintiff not disabled. PageID 47-58. Following Appeals Council review, Plaintiff appealed to this Court and the Commissioner responded by filing a joint motion to remand Plaintiff's claim for further proceedings, which was granted. PageID 2186; *Paloncy v. Comm'r of Soc. Sec.,* No. 3:15-cv-18 (S.D. Ohio July 16, 2015).

On remand, Plaintiff received a second hearing before ALJ Gregory G. Kenyon on February 23, 2016. PageID 2121-2155. ALJ Kenyon issued a written opinion on April 29, 2016 finding Plaintiff not disabled. Plaintiff appealed and, again, the Commissioner agreed that his claim should be remanded for further proceedings. Thus, Plaintiff's claim was remanded for a second time by this Court on May 22, 2017. *Paloncy v. Comm'r of Soc. Sec.,* No. 3:16-cv-362 (S.D. Ohio May 22, 2017).

On February 13, 2018, Plaintiff received a third hearing before ALJ Kenyon (hereinafter, "ALJ"). PageID 2710-33. The ALJ issued a written opinion on May 9, 2018 finding that Plaintiff became disabled on June 29, 2017 when he shifted age categories. PageID 2661. However, as to the period from August 26, 2011 to June 29, 2017, the ALJ found Plaintiff not disabled. PageID 2647-62. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to then perform a reduced range of light work,[2] "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 2647-62.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 35-37. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal, arguing that the ALJ erred in finding him not disabled for the closed period of disability beginning August 26, 2011 and ending June 29, 2017. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Individuals capable of performing light work are presumed able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

435 (6th Cir. 2007). This closed period of disability is now before the Court for review. Nothing in this Order shall impact the ALJ's finding that Plaintiff was disabled as of June 29, 2017.

### B.     Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 56-65), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A.     Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where

that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues that the ALJ erred in (1) weighing the opinions of his treating physicians; (2) weighing the opinions of the state agency's physicians; (3) considering his migraine headaches; (4) failing to follow the Appeal's Council remand order; and (5) assessing his credibility. Agreeing with Plaintiff's first alleged error and remanding for an immediate award of benefits on that basis, the undersigned need not address his remaining arguments.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th

Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

At various times during his seven years treating Plaintiff, psychiatrist Joseph Lunderman, M.D., authored multiple assessments regarding the impact of Plaintiff's mental impairments on his ability to work. On September 29, 2011, Dr. Lunderman opined that Plaintiff has a "low stress tolerance" and "poor coping skills"; a "diminished ability to focus/concentrate"; is "easily distracted"; has "memory problems" and a "tendency to respond with angry outburst." PageID 1406-07. On July 9, 2012, Dr. Lunderman restated his previous conclusions and added that Plaintiff's "insight and judgment become limited/impaired with exacerbation of stress"; he has "increased irritability"; and that his "mental and physical impairments each negatively impact the other causing an inability to function productively in a consistent productive manner." PageID 1871-73. Finally, on June 18, 2013,

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

Dr. Lunderman concluded that Plaintiff had at least "marked"[4] limitations in, *inter alia*, concentration, persistence or pace; maintaining social functioning; episodes of deterioration or decompensation in work; ability to understand, remember, and carry out detailed instructions; maintain attention and concentration; get along with coworkers; and accept instructions and respond appropriately to criticism from strangers. PageID 2081-82. Ultimately, he found that Plaintiff would be absent more than three times a month due to his impairments. *Id.* Despite Dr. Lunderman's longstanding treatment relationship with Plaintiff, the ALJ determined that his opinions were "not entitled to controlling, deferential, or even significant weight." PageID 2659. In reaching such a conclusion, the ALJ's committed multiple reversible errors.

First, the ALJ asserts that "Dr. Lunderman's progress notes report no more than mild-to-at-most-moderate levels of depression with generally normal mental status exams." *Id.* Yet, nowhere in the treatment notes does Dr. Lunderman qualify his findings of Plaintiff's anxiety and depression with these mollifying descriptors. The ALJ is not permitted to unilaterally interject his own opinion with respect to the medical evidence before him. *See Mabra v. Comm'r of Soc. Sec.*, No. 2:11-CV-00407, 2012 U.S. Dist. LEXIS 118187, at *10 (S.D. Ohio Aug. 21, 2012) ("[T]he Court cannot ignore that the ALJ offered [his] own lay interpretation of the medical evidence in the face of more severe opinions from Plaintiff's treating physician"); *see also Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings").

Nor do Dr. Lunderman's notes generally exhibit normal mental status exams. Rather, at a minimum, in almost every treatment note Dr. Lunderman documented that Plaintiff is "experiencing anxiety." *See, e.g.,* PageID 1407, 1412, 1874, 1875, 2537, 2539, 2540, 2541, 2542, 2544, 2957, 2978. He also frequently documented other symptoms, such as depressed mood, poor concentration, blunted

---

[4] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. See 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

7

affect, worried thoughts, anxious affect, agoraphobia, limited stress tolerance, isolative, limited ability to function, and a blunted affect.[5] *See, e.g.*, PageID 1407, 1412, 1874, 1875, 1879, 2537, 2539, 2541, 2542, 2544, 2957, 2958. Therefore, the ALJ's conclusion -- that Dr. Lunderman's notes "do not reflect any marked level of function impairment" -- is unsupported by substantial evidence. PageID 2659. It is unclear how -- as the ALJ asserted -- treatment notes documenting symptoms such as a "limited ability to function" do not support Dr. Lunderman's assessment that Plaintiff had marked impairments. *Pollard v. Astrue*, No. 1:11–cv–186, 2012 WL 2341814, at *5 (S.D. Ohio June 20, 2012) *report and recommendation adopted by Pollard v. Comm'r of Soc. Sec.*, 1:11-cv-186, 2012 WL 2931310 (S.D. Ohio July 18, 2012) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (court cannot uphold the decision of the ALJ, even where there may be sufficient evidence to support the decision, if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result")).

This rigid criticism of Dr. Lunderman's opinion represents further error because it demonstrates that -- in violation of 20 C.F.R. § 416.927(c) -- the ALJ applied more rigorous scrutiny to the opinions of this treating psychiatrist than opinions by the non-treaters. *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 379 (6th Cir. 2013) (holding that ALJs are prohibited from applying greater scrutiny to the opinions of treating physicians than non-treaters). Indeed, the ALJ granted the opinions of the state agency's record reviewing physicians "great weight" after concluding that their opinions were "fully supported by the record." PageID 2659. The ALJ did not, however, provide so much as a single citation to the record or consider that their opinions were based on an incomplete review of Plaintiff's medical record. *Mays v. Comm'r of Soc. Sec.*, No. 1:08-cv-871, 2010 WL 5152595, at *11, 2010 U.S. Dist. LEXIS 131619, at *34 (6th Cir. Nov. 8, 2010) (holding that where the ALJ

---

[5] "[A] psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment ... consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.... When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Blankenship,* 874 F.2d at 1121.

did not cite to the record, "[t]he ALJ failed to sufficiently articulate his assessment of the evidence to assure the Court that he considered the relevant record evidence and to enable the Court to trace the path of his reasoning"). More importantly, the ALJ's analysis -- that these opinions are "fully supported" by the record -- ostensibly ignores that they are, instead, undermined by the consistent and supported opinions written by Plaintiff's treating psychiatrist.

In light of all the foregoing reversal is mandated even if "substantial evidence otherwise supports the decision of the Commissioner." *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this case, evidence of disability is overwhelming. Plaintiff's disability is shown by the opinions of his two treaters, Dr. Lunderman and Mohey Saleh, M.D. both of whom relied upon objective medical evidence. Evidence to the contrary, *i.e.*, the opinions of record-reviewing physicians, was written without reviewing the entirety of Plaintiff's record. Further, the undersigned is disinclined to remand for yet another hearing in light of the three administrative hearings Plaintiff has already received -- indicating that sufficient fact-finding has taken place -- and because it would further and unnecessarily delay this case, filed over eight years ago. *Ellis v.*

9

*Comm'r of Soc. Sec.*, No. 3:15-CV-137, 2016 WL 463359, at *2 (S.D. Ohio Feb. 8, 2016), *report and recommendation adopted,* No. 3:15-CV-137, 2016 WL 828144 (S.D. Ohio Feb. 26, 2016). Accordingly, because the evidence overwhelmingly demonstrates Plaintiff's disability, this case must be remanded for an immediate award of benefits. *Cf. Moody v. Comm'r of Soc. Sec.*, No. 14–CV–224, 2016 WL 1729579, at *5 (S.D. Ohio Feb. 5, 2016); *Washington v. Comm'r of Soc. Sec.*, No. 3:15–CV–367, 2016 WL 6694199, at *5 (S.D. Ohio Nov. 15, 2016), *report and recommendation adopted sub nom. Washington v. Colvin*, No. 3:15–CV–367, 2016 WL 7494887 (S.D. Ohio Dec. 30, 2016).

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits for the closed period of August 26, 2011 through June 29, 2017; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  9/12/2019                                                                s/ Michael J. Newman
                                                                                                Michael J. Newman
                                                                                                United States Magistrate Judge